```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**INFORMATION PROTECTION AND**
**AUTHENTICATION OF WEST VIRGINIA,**
**LLC,**

       **Plaintiff,**

**v.**          //   **CIVIL ACTION NO. 1:09CV76**
                          **(Judge Keeley)**

**MCAFEE, INC.,**

       **Defendant.**

### MEMORANDUM OPINION AND ORDER ON
### DEFENDANT'S MOTION TO TRANSFER (DKT. NO. 30)

On September 23, 2009, the defendant, McAfee, Inc., filed a Motion to Transfer Venue to the Northern District of California (dkt. no. 30). For the reasons set forth below, the Court finds that transfer of venue is proper in this case. However, because it is uncertain whether the Northern District of California or the Eastern District of Texas is the more appropriate forum, the Court reserves its ruling until after a hearing on this issue on November 9, 2009, at 4:30 P.M.

### I. CASE HISTORY

Plaintiff, Information Protection and Authentication of West Virginia, LLC ("IPAWV"), filed this patent infringement action on June 8, 2009, alleging that Defendant, McAfee, Inc. ("McAfee"), infringed on three United States Patents related to computer security technology.

**INFORMATION PROTECTION AND AUTHENTICATION OF WEST VIRGINIA v. MCAFEE, INC.,**

**1:09CV76**

**MEMORANDUM OPINION AND ORDER ON**
**DEFENDANT'S MOTION TO TRANSFER (DKT. NO. 30)**

---

Previously, these patents were owned by Mr. Addison Fischer ("Fischer"), inventor of the patents in suit and one of IPAWV's two officers and principals. Fischer formed IPAWV as a Delaware limited liability corporation on May 12, 2009, registered it to do business in West Virginia on May 21, 2009, and assigned his interest in the patents in suit to it on June 1, 2009. On June 8, 2009, IPAWV filed this action.

## II. TRANSFER OF VENUE STANDARD

A district court may transfer a case to any other district where it could have been filed pursuant to 28 U.S.C. § 1404(a). In considering whether to grant a motion to transfer, courts consider a variety of factors that may vary depending on the nature of the case. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). However, in general courts consider:

> (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

Klay v. AXA Equitable Life Ins. Co., 2009 U.S. Dist. Lexis 470, 2009 WL 36759 (N.D.W. Va. Jan. 6, 2009).

**INFORMATION PROTECTION AND AUTHENTICATION OF WEST VIRGINIA v. MCAFEE, INC.,**

**1:09CV76**

**MEMORANDUM OPINION AND ORDER ON
DEFENDANT'S MOTION TO TRANSFER (DKT. NO. 30)**

### III. ANALYSIS

The burden of establishing the propriety of transfer is on the party seeking a change of venue. Furthermore, in general, a plaintiff's choice of forum is normally respected. However, IPAWV overstates this deference with its citation to Gulf Oil v. Gilbert, 330 U.S. 501 (1947). Just one year after the decision in Gulf Oil, holding that, under the common law of non conveniens, a plaintiff's "choice of forum should rarely be disturbed," id. at 547, Congress enacted the language of § 1404(a) that remains in effect today. Under that statute, as the Supreme Court has subsequently noted, a "plaintiff's choice of forum is only one relevant factor for [the district court's] consideration." Stewart Org., 487 U.S. at 31, (citing Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955)).

#### *1. Ease of Access to Proof*

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." In re Genentech, Inc., 566 F.3d 1338, 1345 (Fed. Cir. 2009). In this case, McAfee is the accused infringer, and thus the voluminous material associated with its software development is likely to be

**INFORMATION PROTECTION AND AUTHENTICATION OF WEST VIRGINIA v. MCAFEE, INC.,**

**1:09CV76**

**MEMORANDUM OPINION AND ORDER ON**
**DEFENDANT'S MOTION TO TRANSFER (DKT. NO. 30)**

relevant, and likely to be located in the Northern District of California, where McAfee's headquarters are located. There is no evidence that any substantial documentation or other evidence is located in this district. Thus, this factor weighs in favor of transferring the action to the Northern District of California.

### *2. Convenience of Parties and Witnesses*

McAfee asserts in its motion to transfer and supporting memorandum that a trial in this district would be highly inconvenient for its corporate representatives and likely witnesses. IPAWV, in contrast, asserts that the trial would be convenient for Fischer, because he travels to West Virginia frequently.

However, neither Fischer nor any other person likely relevant to this suit either lives or conducts substantial business in this district. In contrast, several of McAfee's witnesses and officers travel frequently to the Northern District of California.

The Eastern District of Texas also appears to be a more convenient forum for the parties and witnesses in this case. Through single-purpose LLCs similar to IPAWV, Fischer has filed two other patent infringement lawsuits against McAfee or its customers,

**INFORMATION PROTECTION AND AUTHENTICATION OF WEST VIRGINIA v. MCAFEE, INC.,**

**1:09CV76**

**MEMORANDUM OPINION AND ORDER ON**
**DEFENDANT'S MOTION TO TRANSFER (DKT. NO. 30)**

both of which are now pending in that district and relate to similar software patents.[1] This factor slightly favors both the Eastern District of Texas and the Northern District of California over this district.

### 3. *Cost of Obtaining Appearance of Witnesses*

As already noted, no relevant witnesses are apparently located in this district. In contrast, McAfee points out that several of its witnesses regularly travel to the Northern District of California on other business and could coordinate their attendance at trial, thus saving travel expenses. Similarly, the Eastern District of Texas would likely be able to coordinate, if not consolidate, this action with the two already pending there, thus saving duplicative time and expense. Therefore, this factor favors both of those districts over the Northern District of West Virginia.

### 4. *The Availability of Compulsory Process*

None of the relevant witnesses or documents in this case would be subject to this Court's subpoena power, with the exception of

---

[1] One suit was originally filed in Florida and transferred to the Eastern District of Texas on the defendant's motion.

5

**INFORMATION PROTECTION AND AUTHENTICATION OF WEST VIRGINIA v. MCAFEE, INC.,**

**1:09CV76**

**MEMORANDUM OPINION AND ORDER ON
DEFENDANT'S MOTION TO TRANSFER (DKT. NO. 30)**

any documentation kept at the Morgantown office of the plaintiff. McAfee is headquartered in the Northern District of California, and any documents and witnesses located at that office would be subject to the compulsory process of a trial court in that district. Therefore, this factor favors transfer to the Northern District of California.

### 5. *Possibility of a View*

This factor does not appear relevant in this patent infringement action.

### 6. *Local Interest*

The citizens of this district have no special interest in the outcome of this case. Neither party employs any citizen of this district, and it is not alleged that any citizen of this district, other than the plaintiff, suffered harm. In contrast, should it be held liable for infringement, McAfee would suffer economic harm that could presumably affect its many employees in the Northern District of California. Thus, this factor would suggest transfer to that district.

**INFORMATION PROTECTION AND AUTHENTICATION OF WEST VIRGINIA v. MCAFEE, INC.,**

**1:09CV76**

**MEMORANDUM OPINION AND ORDER ON
DEFENDANT'S MOTION TO TRANSFER (DKT. NO. 30)**

### 7. *Interests of Justice*

In evaluating this factor, the Court is mindful that it must consider IPAWV's choice of forum. Its choice, however, is not dispositive. In this case, the cause of action bears no real relation to the forum. Even if the Court assumes that the plaintiff is a citizen of this district (which is questionable, given that it is a Delaware corporation and initially listed a Florida headquarters with the West Virginia Secretary of State's Office, and has no connections to the state beyond an unstaffed office in Morgantown), there must be some nexus between the claim and this district. See Gebr. Brasseler GmbH & Co. KG v. Abrasive Technology, Inc., 2009 WL 874513, 2009 U.S. Dist. Lexis 25926 (E.D.Va., March 27, 2009). The Court can see no such connection in this case.

Furthermore, the interests of justice require courts to guard against manipulation of the legal process for mere strategic reasons. Transfer from this district appears appropriate where the motivation behind IPAWV's formation and filing of this suit may have been forum-shopping, given the connection of Fischer (though not the plaintiff) to the West Virginia community, and similar

**INFORMATION PROTECTION AND AUTHENTICATION OF WEST VIRGINIA v. MCAFEE, INC.,**

**1:09CV76**

**MEMORANDUM OPINION AND ORDER ON**
**DEFENDANT'S MOTION TO TRANSFER (DKT. NO. 30)**

strategic moves by Fischer's other companies in litigation against McAfee and its customers.

Finally, the Court does not find that the caseload statistics submitted by either party weigh strongly in favor of or against transfer. Both the Eastern District of Texas and the Northern District of California are highly efficient and respected venues for patent litigation, and the Court is fully confident that the plaintiff's claims would receive timely and fair resolution in either district. Therefore, the Court finds that, in addition to the factors noted above, the interests of justice favor a transfer in this case.

## IV. PROPER DISTRICT FOR TRANSFER

McAfee did not move for transfer to the Eastern District of Texas, but did assert that such a resolution would be more convenient than continuing the case in this court. The Court agrees. IPAWV opposed transfer, and thus understandably did not address its preference between the California and Texas venues. Therefore, the Court intends to hear argument, if any, on the choice between these two districts at the time currently set for a

**INFORMATION PROTECTION AND AUTHENTICATION OF WEST VIRGINIA v. MCAFEE, INC.,**

**1:09CV76**

**MEMORANDUM OPINION AND ORDER ON**
**DEFENDANT'S MOTION TO TRANSFER (DKT. NO. 30)**

scheduling conference in this case. Accordingly, the Court **CANCELS** the scheduling conference in this case and, in its place, **SCHEDULES** a hearing on the issue of proper venue for **Monday, November 9, 2009, at 4:30 P.M.** The parties may appear by telephone. The Court directs counsel for the movant, McAfee, to initiate the conference call with all parties and the Court. The Court further directs the parties to submit any written arguments on this point no later than **Wednesday, November 4, 2009.**

    The Court directs the Clerk to transmit copies of this Opinion and Order to counsel of record.

DATED: October 30, 2009.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE